### In re BATTEN.

(District Court, E. D. Virginia.   April 22, 1909.)

BANKRUPTCY (§ 399*)—HOMESTEAD EXEMPTION.

The fact that a bankrupt had waived his right of homestead in favor of certain creditors, as authorized by the laws of the state, does not authorize the court of bankruptcy to refuse to allow and set aside the homestead.

Quære: Can the bankrupt's right to homestead be assailed in a bankruptcy court, for fraud, by exception to the trustee's report?

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

In Bankruptcy. On review of order of referee disallowing homestead exemption.

J. H. Corbitt, for bankrupt.
Lee Britt and Robert W. Withers, for creditors.

WADDILL, District Judge. This proceeding is now before the court upon an appeal taken by the bankrupt from the action of the referee in declining to approve the trustee's action setting aside the bankrupt's homestead and declaring invalid the homestead deed claiming the same. The conclusion reached by the court is that the action of the referee should be reversed, and the bankrupt allowed his homestead, assuming the claim is to property out of which the homestead can be set aside.

The Constitution of Virginia guarantees to the bankrupt his right of homestead, and under the law he can waive the benefit of the same as to such of his debts as he desires. The effect of the position taken by the creditors in this case, and the action of the referee, would be to deprive the homestead claimant of his right of waiver of exemption. Assuming that the making of the homestead deed, the waiver of the homestead exemption, and the confession of judgment on such waiver debt by the bankrupt can be assailed in a bankruptcy court, for fraud in connection with the transaction, by exception to the trustee's report setting apart the exemption, it does not appear that the facts in this case warrant the setting aside of such homestead deed, or the ignoring of the homestead waiver note. While it is true the making of the particular note in this case, the claiming of the homestead deed, and the subsequent going into bankruptcy were all within a short time, still it does not follow that there was fraud in what was done; and especially is this true, as the testimony shows that the homestead waiver note, given before the bankruptcy, was very largely to take the place of other notes that had long been held by the homestead waiver creditor against the bankrupt, which themselves contained the waiver.

To deny the homestead in this case would be practically to refuse to set aside the same in any case where there existed homestead waiver debts in amounts sufficient to consume the homestead estate, and would involve necessarily the administration of the homestead estate by the bankruptcy court, which, under the decisions of the Supreme Court of the United States, belongs to the state and not to the federal courts.